WILLIAM E. HOLDEN, complainant,

*v.*

HARRY FRICKE, defendant.

WILLIAM E. HOLDEN, complainant,

*v.*

ROCK SPRING CLUB and another, defendants.

[Decided July 9th, 1940.]

*Mr. Jacob Lipman,* for the complainant.

*Mr. James F. X. O'Brien,* for the defendants.

BIGELOW, V. C.

The only question for decision is, who has the right to the name Rock Spring Riding Club? Without stating the facts leading to the conclusion, I will say that in my opinion, complainant had the right and not the defendants, Rock Spring Club or Harry Fricke, until April 19th, 1938.

April 19th, 1938, was the trial day set for a dispossess proceeding in the East Orange District Court instituted by Rock

Spring Club against complainant. Complainant had been the tenant of the Club and had, as was alleged, stayed on in possession after the expiration of his term. While awaiting trial, the parties and their partisans conferred in the corridor and agreed upon a settlement. The attorneys announced to the court that the suit had been settled and had this judgment entered: "Judgment for possession by consent. No warrant to be issued before August 1st." The parties had intended to put their agreement into writing but when they attempted to do so a day or so later, a dispute arose what terms had been arranged in the corridor. Defendants assert, and complainant denies, that he promised to surrender to Rock Spring Club any claim to the name Rock Spring Riding Club. While the evidence is conflicting, I find for defendants on this issue.

The compromise of a disputed claim made *bona fide*, is a good consideration for a promise. *Second National Bank* v. *Curie, 116 N. J. Eq. 101.* The principal consideration for complainant's promises, which were part of the settlement, was the consent of the Rock Spring Club that complainant remain in possession until August 1st; that no warrant should issue before then. Upon complainant repudiating his agreement regarding the name, the Club returned to the District Court and on May 4th obtained an order that the warrant for possession should issue forthwith. The order was granted on the Club's showing that complainant refused to go through with the settlement. This action of the Club operated as an attempted rescission of the settlement contract. *Claron* v. *Thommessen, 96 N. J. Eq. 650; Maturi* v. *Fay, 98 N. J. Eq. 377.*

But complainant did not accept rescission. Immediately he filed his bill in the present cause setting forth his version of the compromise of the dispossess proceeding and praying, *inter alia,* that the Rock Spring Club "be decreed specifically to perform the said agreement hereinbefore set forth to permit the complainant to remain in possession of said premises leased until August 1st, 1938." On this bill, defendants were restrained pending suit from enforcing the judgment for possession before August 1st. The Club answered and

counter-claimed praying that complainant on his part specifically perform the agreement of settlement. So the parties concur that the agreement is in full force, even though they differ as to its terms, and both pray that the court enforce it. Complainant cannot be heard to say that the agreement had been terminated by an act of which he was fully aware when he filed his bill and which was indeed the occasion for his coming into court.

The agreement of settlement was made by the complainant and the Club. Defendant Fricke is the tenant of the Club, who went into possession about August 1st, 1938, after complainant vacated the premises. He uses the name Rock Spring Riding Club by arrangement with the Rock Spring Club. Complainant, for a good consideration, yielded his right to use the name. His bills will be dismissed, and there will be an injunction against him on the counter-claim.